# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY A. BRAKEBILL, and BARBARA E. MULLINS, *also known as* Barbara E. Brakebill,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, BANK OF AMERICA, NA, and BAC HOME LOAN SERVICING, LP, *formerly known as* Countrywide Home Loans Servicing, LP,<br><br>Defendants. | Case No. CIV-15-185-SPS |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants Bank of America Corporation and Bank of America, N.A., a successor by merger to Defendant BAC Home Loan Servicing, LLC, formerly known as Countrywide Home Loan Servicing, L.P. ("Defendants") to dismiss [Docket No. 7] the Petition of pro se Plaintiffs Jerry A. Brakebill and Barbara E. Mullins. Plaintiffs sued the Defendants in state court, alleging violations of the Oklahoma Consumer Protection Act (OCPA) arising out of foreclosure proceedings related to a home loan. The Defendants removed the case to this Court [Docket No. 3], and subsequently filed the pending Motion to Dismiss [Docket 7] for failure to state a claim. For the reasons set forth below, the Court finds that the Defendants Bank of America Corporation and Bank of America, N.A.'s Motion to

Dismiss and Incorporated Brief in Support Thereof [Docket No. 7] should be GRANTED.

## BACKGROUND

The Plaintiffs allege in their state court Petition that they had a home mortgage through the Defendants and encountered a financial hardship in May 2014. As a result, Mr. Brakebill contacted the Defendants to inform them that he would be unable to pay his mortgage for six months, and was informed that an application for restructuring his loan would be mailed to him. After two weeks, he recontacted the Defendants to inform them he had not received an application packet and was assured that a packet would be mailed to him, but Defendants then began calling him at work. During this time, Plaintiffs were not making payments on their mortgage, and Defendants were still calling him at work. Mr. Brakebill then resumed making payments in November 2014, and continued to do so until February 2015, when his attempted payment was returned due to foreclosure on his property. Mr. Brakebill further alleges that he never received notice of foreclosure from the court, and that the Defendants' failure to send him the application packet which caused him to incur late fees and more interest, was in violation of the OCPA. He alleges that he received an application packet on March 27, 2015, but that he is now able to make his monthly mortgage payments and such financial information would now be used to deny his request for help from May 2014 through October 2014.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

The Defendants have moved to dismiss this case for failure to state a claim, asserting that: (i) the OCPA does not apply to loan servicing and its conduct is

specifically exempted from the OCPA, and (ii) there exists no private right of action for a failure to obtain a loan modification.

Plaintiffs asserted in their state court Petition that the Defendants engaged in unfair or deceptive trade practices in servicing their mortgage. Because Mr. Brakebill is appearing pro se, the Court has liberally construed his state court petition and subsequent response to the Defendants' Motion to Dismiss. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("[B]ecause [he] appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate."). In this vein, the Court notes that Mr. Brakebill's Response to Motion to Dismiss [Docket No. 9] is signed "Jerry Brakebill et al." and as such appears to be a response for both Plaintiffs. As Ms. Mullins has not filed a separate response, the Court construes the Response as asserted on her behalf as well.

To recover under the Oklahoma Consumer Protection Act ("OCPA"), the elements for a private cause of action are: "(1) that the defendant engaged in an unlawful practice as defined in 15 O.S. § 753; (2) that the challenged practice occurred in the course of the defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." *Patterson v. Beall*, 2000 OK 92, ¶ 30, 19 P.3d 839, 846; 15 O.S. §§ 752-754, § 753 (enumerating unlawful practices under the OCPA). Exemptions to the OCPA's authority exist when there are "[a]ctions or transactions regulated under laws administered by . . . any other regulatory body[.]" 15 O.S. § 754. Although the Oklahoma Court of Civil Appeals *has held* that OCPA applies to consumer credit sales where a mortgagee complained that he was not

provided notice of his right of rescission in recoupment as to his mortgage at the time he consummated the transaction, *see Green Tree Acceptance, Inc. v. Anderson*, 1999 OK CIV APP 46 ¶¶ 16-18, 981 P.2d 804, 808 ("The transaction, a consumer credit sale, is also covered by the O.C.P.A."), it later held in an unpublished opinion that the OCPA, more specifically 15 Okla. Stat. Ann. § 753 which defines unlawful practices under the OCPA, "does not include the actions of a bank in attempting to collect on a debt." *McClellon v. Wells Fargo Financial Oklahoma*, Case No. 96,500, Okla. Ct. of Civil Appeals, Div. 4 (Sept. 25, 2001) (unpublished opinion) ("[W]e find that the trial court did not err when it impliedly found that Wells Fargo's debt collection efforts [though 'annoying and in questionable taste'] were not in violation of the [OCPA]."). Accordingly, the Plaintiffs' claims under the OCPA, based on the alleged debt collection efforts and failure to allow debt modification, must be dismissed.

Furthermore, the Court notes that the OCPA provides an exemption for "[a]ctions or transactions regulated under laws administered by . . . any other regulatory body or officer acting under statutory authority of this state or the United States." 15 Okla. Stat. Ann. § 754. Plaintiffs allege that the Defendants repeatedly failed to provide him the necessary materials to apply for a loan modification. In this case, loan modification transactions are governed by fairly expansive federal regulations including HAMP, which is part of the National Housing Act, *see* 12 U.S.C. § 1715u(b), and are therefore exempt under the OCPA. Even if there were no exemption, the Oklahoma Court of Civil Appeals has held that "a loan servicer's failure to comply with HAMP or consent judgment service standards does not provide a meritorious defense to foreclosure." *Bank*

*of America, N.A. v. Moody*, 2014 OK CIV APP 105 ¶ 9, 352 P.3d 734, 736. *See also Miller v. Chase Home Finance, LLC*, 677 F.3d 1113, 1115-1116 (11th Cir. 2012) (holding there is neither an express nor implied private right of action under HAMP for borrowers against loan servicers).

Finally, the Plaintiffs have requested leave to amend their state court Petition to add a claim for damages in relation to Mr. Brakebill's resulting lowered credit score. Fed. R. Civ. P. 15(a)(2) provides that the "court should freely give leave when justice so requires," and that is especially true "when the plaintiff is proceeding pro se." *Panicker v. State Dept. of Agriculture*, 498 Fed. Appx. 755, 757 (10th Cir. 2012). However, the Court agrees with Defendants' position that amendment in this case would be futile. *See Chapman v. Chase Manhattan Mortgage Corp.*, 2007 WL 2815246, at *4 (N.D. Okla. Sept. 24, 2007) ("Chapman states that Chase harmed his credit by erroneously reporting that he was one month behind on his mortgage. This type of claim falls squarely within the [Fair Credit Reporting Act] and, under *Williams*[ *v. CSC Credit Services, Inc.*, 2007 WL 1959219 (N.D. Okla. June 29, 2007)], Chapman's claim under the OCPA is barred."). Because the Plaintiffs have failed to state a claim for relief under a viable cause of action, any amendment to allow further claim for damages for the same actions would be futile. *See Jefferson County School Dist. No. R-1 v. Moody's Investor's Services, Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile[.] A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants Bank of America Corporation and Bank of America, N.A.'s Motion to Dismiss and Incorporated Brief in Support Thereof [Docket No. 7] is hereby GRANTED, and this case is hereby DISMISSED.

**DATED** this 11th day of September, 2015.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma